IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO M. ESPINOZA CAMACHO | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:16-cv-353 |
| | § | |
| NKC TRANSPORTATION, LLC AND | § | |
| ISMAEL OSTOLAZA RIOS, JR | § | |
| *Defendants.* | § | |

## INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE SOUTHERN DISTRICT COURT OF TEXAS, LAREDO DIVISION

Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. attach this Index of

Matters Being Filed to their Notice of Removal.

1.   Webb County Docket Sheet for Cause No. 2016CVT002899D4;

2.   Plaintiff's Original Petition, Request for Disclosure and Jury Demand;

3.   Plaintiff's Application for Temporary Retraining Order, Temporary Injunction and Permanent Injunction;

4.   Temporary Restraining Order and Order Setting Hearing on Temporary Injunction;

5.   Executed Citation served to Defendant NKC Transportation, LLC;

6.   Precept served to Defendant NKC Transportation, LLC; and

7.   Defendants' Original Answer and Request for Disclosure.



As of 12/9/2016 1:56:25 PM

## Case # 2016CVT002899 D4

**Roberto M Espinoza Camacho vs. Nkc Transportation Llc, Ismael Ostolaza Rios Jr**

**Type:**  Injury Or Damage

**Date Filed:**  11/14/2016 12:00:00 AM

**Court:**  406th District Court

**Complaint:**  Injury Or Damage

### Party Information

| Name | Affiliation |
|------|-------------|
| Nkc Transportation Llc | Defendant |
| Roberto M Espinoza Camacho | Plaintiff |
| Ismael Ostolaza Rios Jr | Defendant |

### Attorney Information

| Name | Affiliation |
|------|-------------|
| Lynn S Castagna | Attorney for Defendant |
| Lynn S Castagna | Attorney for Defendant |
| Roderick C Lopez | Attorney for Plantiff |

### Court Dates

| Date | Description | Status |
|------|-------------|--------|
| 2/27/2017 2:00:00 PM | Calendar Call | Open |
| 12/12/2016 8:30:00 AM | T.R.O./Temp Injunction | Open |
| 11/28/2016 8:30:00 AM | Temporary Orders And Injuction | Held |

### Activity

| Date | Type | Description |
|------|------|-------------|
| 12/9/2016 11:13:50 AM | Returns | *IMG* CITATION RETURNED EXECUTED AS TO NKC TRANSPORTATION DOS 12/8/16 VV |
| 12/9/2016 11:13:16 AM | Returns | *IMG* PRECEPT RETURNED EXECUTED AS TO NKC TRANSPORTATION DOS 12/8/16 VV |
| 12/9/2016 9:30:34 AM | Answer | *IMG* DEFENDANTS ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE EFILED BY ATTORNEY LYNN CASTAGNA VV |
| 12/6/2016 4:43:25 PM | Issuance | *IMG* TWO (2) PRECEPTS AND TWO (2) CITATIONS ISSUED AS TO NKC TRANSPORTATION AND PLACED IN PRIVATE SERVER BASKET VV |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 12/6/2016 4:03:36 PM | Filing Papers | *IMG* LETTER REQUESTING ISSUANCE. EFILED BY ATTORNEY RODERICK LOPEZ VV PRECEPT, CITATION AND COPIES PAID VV |
| 12/6/2016 11:27:00 AM | Order | *IMG* ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION (RESET FOR 12/12/16 @ 8:30 AM) SIGNED BY JUDGE OSCAR J. HALE, JR. 12/05/16 FAXED BY COURT COORDINATOR TO ATTY RODERICK C. LOPEZ JLA |
| 12/5/2016 4:11:00 PM | Filing Papers | *IMG* TELEFAX TRANSMITTAL CONFIRMATION OF NOTICE OF TRO SENT TO ATTY RODERICK LOPEZ BY COURT COORDINATOR VV |
| 12/5/2016 11:55:28 AM | Order | *IMG* ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION (UNSIGNED) RECEIVED AND SENT TO COURT COORDINATOR VV |
| 11/30/2016 11:00:39 AM | Returns | *IMG* CITATION AND PRECEPT BY CERTIFIED MAIL RETURNED UNEXECUTED AS TO NKC TRANSPORTATION. RECEIVED MARKED RETURN TO SENDER. VV |
| 11/28/2016 8:55:41 AM | Court Case Assignment | Court date/time: 12/12/2016 8:30 Hearing Type: 498 TROTempInj Assignment of court date/time. Status entered as Open |
| 11/28/2016 8:54:11 AM | Court Case Assignment | Court date/time: 11/28/2016 8:30 Hearing Type: 493 TEMORDINJ Status changed from Open to Held |
| 11/28/2016 8:53:00 AM | Hearing | CASE CALLED, JUDGE OSCAR J. HALE, JR. PRESIDING, DAVID LAUREL COURT REPORTER. CASE SET FOR TEMPORARY ORDERS AND TEMPORARY INJUNCTION. ATTY RODERICK C. LOPEZ PRESENT FOR PLAINTIFF. DEFENDANTS NOT PRESENT. NO SERVICE ON FILE. EXTENSION FOR TEMPORARY ORDERS AND TEMPORARY INJUNCTION GRANTED. CASE RESET FOR 12/12/16 @ 8:30 AM. JLA |
| 11/21/2016 3:56:39 PM | Citation | *IMG* (3) CITATIONS BY CERTIFIED MAIL ISSUED AS TO ISMAEL OSTOLAZA RIOS, JR. BY SERVING TEXAS TRANSPORTATION COMMISSION PLACED IN US MAIL BOX JLA |
| 11/21/2016 3:56:00 PM | Issuance | *IMG* (2) CITATIONS AND (2) PRECEPTS ISSUED BY CERTIFIED MAIL AS TO NKC TRANSPORTATION, LLC PLACED IN US MAIL BOX JLA |
| 11/17/2016 5:21:46 PM | Filing Papers | *IMG* LETTER TENDERING FEES FOR ISSUANCE, SERVICE AND COPIES E-FILED BY ATTY RODERICK C. LOPEZ JLA |
| 11/17/2016 3:52:00 PM | Filing Papers | *IMG* CERTIFICATE OF CASH IN LIEU OF BOND ($1,000.00 PD BY ATTY RODERICK C. LOPEZ) JLA |
| 11/16/2016 8:26:00 AM | Order | *IMG* TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION SET FOR 11/28/16 @ 8:30 AM SIGNED BY JUDGE OSCAR J. HALE, JR. 11/15/16 FAXED BY COURT COORDINATOR TO ATTY RODERICK C. LOPEZ JLA |
| 11/15/2016 5:05:47 PM | Court Case Assignment | Court date/time: 11/28/2016 8:30 Hearing Type: 493 TEMORDINJ Assignment of court date/time. Status entered as Open |
| 11/14/2016 9:31:32 AM | Order | *IMG* TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION RECEIVED AND SENT TO COURT COORDINATOR VV |
| 11/14/2016 9:10:27 AM | Notes | *IMG* CALENDAR CALL FAXED TO ATTORNEY RODERICK LOPEZ. (LT) |
| 11/14/2016 9:07:47 AM | Court Case Assignment | Court date/time: 2/27/2017 14:00 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 11/14/2016 7:37:39 AM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For NKC TRANSPORTATION LLC |
| 11/10/2016 5:30:57 PM | Filing Papers | *IMG*PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION. (LT) |
| 11/10/2016 5:30:32 PM | Jury Fee | JURY DEMAND PAID BY ATTORNEY RODERICK LOPEZ. (LT) |
| 11/10/2016 7:37:39 AM | Complaint | *IMG*INJURY OR DAMAGE TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION (LT) |

For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.



File
11/10/2016 5:30:37 PI
Esther Degollad
District Cler
Webb Distri
Linda Torre
2016CVT002899C

NO. _____

| | | |
|---|---|---|
| **ROBERTO M. ESPINOZA** | § | IN THE DISTRICT COURT |
| **CAMACHO** | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| **NKC TRANSPORTATION, LLC** | § | |
| **AND ISMAEL OSTOLAZA RIOS, JR.** | § | |
| Defendants | § | **WEBB COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES AND JURY DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Roberto M. Espinoza Camacho, hereinafter called Plaintiff, complaining of and about NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.

### PARTIES AND SERVICE

Plaintiff, **ROBERTO M. ESPINOZA CAMACHO**, is an individual resident of Webb County, Texas.

Defendant, **NKC TRANSPORTATION, LLC** is a Foreign Corporation conducting business in Texas, with a principal place of business in Kansas City, Missouri and may be served with process by serving its registered agent for service Brett Marshall at 23415 Hwy, EE, Dearborn, MO 64439.

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page* 1

Defendant, **ISMAEL OSTOLAZA RIOS, JR.,** is a non-resident of the State of Texas. Defendant's last known business/home address is 984 Maple Forest Dr., Orlando, Florida 32825. Defendant may be served with process by serving the Texas Transportation Commission pursuant to Tex. R. Civ. Prac. & Rem. Code § 17.062 to: Tyron D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-248.

## III.

### EXCLUSION OF FEDERAL CLAIMS

Plaintiff hereby gives notice that the only claims arising under Texas state law are alleged in this suit. This suit specifically excludes all federal causes of action. The only causes of action which are intended to be litigated in this Court are those concerning rights arising under the Laws and Constitution of the sovereign State of Texas. While the amount sought herein is more than $ 75,000.00, the parties are not diverse as such federal courts lack diversity jurisdiction. Removal of this matter would be improper.

## IV.

### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Venue in Webb County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## V.

### CONDITIONS PRECEDENT

All conditions precedent necessary for bringing this action have been performed or have occurred.

## VI.

## CLAIMS FOR RELIEF

Plaintiff's damages exceed the jurisdictional limits of this court. For the benefit of court administration, pursuant to Tex. R. Civ. P. 47 (c), Plaintiff states that at this time he cannot accurately assess a limit to the damages he has sustained. Due to the nature and severity of the incident, Plaintiff's damages are obviously ongoing. However, the Texas Supreme Court has ordained in Tex. R. Civ. P. 47 that plaintiffs such as Roberto M. Espinoza Camacho must specify the amount of damages sought.

To comply with the dictates of the Texas Supreme Court, counsel for Plaintiff states that they will ask for monetary relief over $200,000 and no more than $1,000,000.00 and specifically reserves the right to modify or adjust this statement, as additional evidence is compiled through discovery. The amounts plead are exclusive of all other lawful amounts above and beyond any verdict that a jury renders.

## VII.

## FACTS

This suit arises out of an automobile collision. On or about October 31, 2016, Plaintiff Roberto M. Espinoza Camacho was driving a 2002 Mazda Protégé when the 2014 Freightliner Tractor Trailer pulling 2015 White Utility Trailer owned by NKC Transportation, LLC and operated by Defendant Ismael Ostolaza Rios, Jr. failed to control speed and collided with Plaintiff Roberto M. Espinoza Camacho. The collision occurred at the 1400 block of Highway IH 35, in Laredo, Webb, Texas. As a direct and proximate result of the collision, Plaintiff suffered injuries.

## VIII.

## CAUSE OF ACTION

### Count 1 – Negligence

Defendant Ismael Ostolaza Rios, Jr. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page* 3

Plaintiff's injuries were proximately caused by Defendant Ismael Ostolaza Rios, Jr.'s negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant Ismael Ostolaza Rios, Jr. consisted of, but is not limited to, the following acts and omissions:

> A.   In that Defendant Ismael Ostolaza Rios, Jr. failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B.   In that Defendant Ismael Ostolaza Rios, Jr. was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;
>
> C.   In that Defendant Ismael Ostolaza Rios, Jr. failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;
>
> D.   In that Defendant Ismael Ostolaza Rios, Jr. failed to control speed and collided with Plaintiff's vehicle;
>
> E.   In that Defendant failed to keep an appropriate following distance from Plaintiff's vehicle.

### CAUSE OF ACTION – NKC TRANSPORTATION, LLC

At all times relevant to the incident in question, it is believed that Ismael Ostolaza Rios, Jr. was in the course and scope of his employment with NKC Transportation, LLC and that NKC Transportation, LLC controlled the details of Ismael Ostolaza Rios, Jr.'s job and his operation of the NKC Transportation, LLC vehicle in question.

At the time of the collision in question, NKC Transportation, Inc. is believed to have had control of the NKC Transportation, LLC vehicle being driven by Ismael

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page 4*

Ostolaza Rios, Jr. NKC Transportation, LLC is believed for its benefit to have knowingly permitted Ismael Ostolaza Rios, Jr. to operate its vehicle, the NKC Transportation, LLC vehicle, and to operate it on the public streets and highways of Texas, as Ismael Ostolaza Rios, Jr. was doing at the time of the collision in question.

1.    NKC Transportation, LLC knew, or in the exercise of due care, should have known, that Ismael Ostolaza Rios, Jr. was an incompetent, unfit, and/or unqualified driver and that he would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

2.    At all times relevant to the occurrence in question, NKC Transportation, LLC entrusted the NKC Transportation, LLC vehicle to Ismael Ostolaza Rios, Jr. with the knowledge that Ismael Ostolaza Rios, Jr. was incompetent to operate such a vehicle safely upon the streets and highways of Texas.

3.    Alternatively, NKC Transportation, LLC failed to investigate with ordinary care Ismael Ostolaza Rios, Jr.'s employment history, driving history, criminal history, and qualifications to operate a vehicle prior to entrusting him with the NKC Transportation, LLC vehicle.

4.    NKC Transportation, LLC in general failed to exercise ordinary care relevant to the incident in question, and particularly in the following regards:

a.    Failing to adequately vet and investigate Ismael Ostolaza Rios, Jr. before employing him as a driver;

b.    Failing to adequately test, train, supervise, and monitor Ismael Ostolaza Rios, Jr. with regarding to the operation of the vehicle;

c.    Failing to properly monitor, track, and supervise Ismael Ostolaza Rios, Jr. and the operation of the NKC Transportation, LLC vehicle;

d.    Failing to establish, implement, or enforce adequate safety and accident prevention programs, guidelines, policies, and procedures pertinent to Ismael Ostolaza Rios, Jr. operating the NKC Transportation, LLC vehicle and the operation of tractor trailers.

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page 5*

e.   Failing to implement and enforce drug and alcohol policies particularly with regarding to individuals such as Ismael Ostolaza Rios, Jr. operating NKC Transportation, LLC vehicles. This includes both pre-incident drug and alcohol testing and post-incident drug and alcohol testing;

f.   Failing to formulate and implement proper policies and procedures applicable to NKC Transportation, LLC employees who are involved in motor vehicle collisions while operating NKC Transportation, LLC vehicles;

g.   Failing to properly and adequately monitor Ismael Ostolaza Rios, Jr.'s medical qualification to operate a vehicle;

h.   Failing to properly and adequately monitor Ismael Ostolaza Rios, Jr.'s driver's or operator logs;

i.   Implementing policies and procedures that induced and encouraged hazardous and irresponsible operation of its vehicles by employees and operators such as Ismael Ostolaza Rios, Jr., including the use of cell phones while operating NKC Transportation, LLC vehicles; and

j.   Failing to formulate and implement proper risk management systems to identify and reduce the risk of hazardous driving such as Ismael Ostolaza Rios, Jr. displayed in the instant occurrence.

5.   NKC Transportation, LLC's negligent acts and/or omissions, as alleged above, were committed by or under the supervision of one or more of its vice-principals. Alternatively, such acts or omissions were approved or ratified by one or more of its vice-principals.   NKC Transportation, LLC's negligent acts and/or omissions when viewed separately and/or jointly, objectively from the standpoint of the actor at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to other motorists on the roads and highways, such as Plaintiff, Roberto M. Espinoza Camacho. Ismael Ostolaza Rios, Jr. had actual, subjective awareness of the risk involved, but nevertheless, proceeded with

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page 6*

conscious indifference to the rights, safety, or welfare of other motorists on the roads and highway, such as Plaintiff, Roberto M. Espinoza Camacho.

6.      Each of the above referenced acts, omissions, or conduct, jointly or severally, was a proximate cause of the occurrence in question and/or the injuries sustained by Plaintiff, Roberto M. Espinoza Camacho.

### IX.

### RESPONDEAT SUPERIOR/AGENCY

Defendant Ismael Ostolaza Rios, Jr. was an employee, agent, and/or servant of NKC Transportation, LLC, and was performing acts within the scope and course of his employment with NKC Transportation, LLC. NKC Transportation, LLC is liable for the misconduct and negligence of Ismael Ostolaza Rios, Jr. under the doctrine of respondeat superior and agency.

### X.

### DAMAGES FOR PLAINTIFF, ROBERTO M. ESPINOZA CAMACHO

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Roberto M. Espinoza Camacho was caused to suffer injuries, and to incur the following damages:

>      A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Roberto M. Espinoza Camacho for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;
>
>      B.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
>      C.      Physical pain and suffering in the past;
>
>      D.      Physical pain and suffering in the future;
>
>      E.      Physical impairment in the past;
>
>      F.      Physical impairment which, in all reasonable probability, will be suffered in the future;
>
>      G.      Mental anguish in the past;

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page 7*

        H.     Mental anguish in the future;

        I.     Disfigurement;

        J.     Loss of earnings and earning capacity which the plaintiff has suffered from in the past; and

        K.    Loss of earnings and earning capacity which the plaintiff, in reasonable probability will suffer from in the future.

## XI.

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XII.

## REQUEST FOR DISCLOSURES

Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendants disclose, within 50 days of the service of this request, the information and material described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Roberto M. Espinoza Camacho respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

*Plaintiff's Original Petition, Request for Disclosure and Jury Demand – Page* 8

Respectfully submitted,

The Law Office of Roderick C. Lopez, P.C.
1004 E. Hillside Road, Suite B
Laredo, Texas 78041
Tel. (956) 568-5028
Fax. (956) 728-0883
Email:  ricklopezlaw@gmail.com
           ricklopezlaw.ac@gmail.com


By: __//s// Roderick C. Lopez___
           Roderick C. Lopez
           Texas Bar No. 24034544

*Attorney for Plaintiff*
*Roberto M. Espinoza Camacho*

File
11/10/2016 5:30:37 PI
Esther Degollad
District Cler
Webb Distri
Linda Torre
2016CVT002899D

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED <u>ROBERTO M. ESPINOZA V. NKC TRANSPORTATION LLC AND ISMAEL OSTOLAZA RIOS, JR.</u>
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Roderick C. Lopez<br><br>Address:<br>1004 E. Hillside Rd., Ste. B<br><br>City/State/Zip:<br>Laredo, Texas 78041<br><br>Signature:<br><br>//s// Roderick C. Lopez | Email:<br>ricklopezlaw@gmail.com<br><br>Telephone:<br>956-568-5028<br><br>Fax:<br>956-728-0883<br><br>State Bar No:<br>24034544 | Plaintiff(s)/Petitioner(s):<br><br>Roberto M. Espinoza Camacho<br><br>Defendant(s)/Respondent(s):<br><br>Ismael Ostolaza Rios, Jr. | ✱Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

|  | Civil |  |  | Family Law |  |
|---|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (Non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>**Foreclosure**<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability:<br><br>✱Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
|  |  | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
|  |  | **Expunction**<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |

| Employment | Other Civil |  |  |  |
|---|---|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |  |  |

| Tax | Probate & Mental Health |  |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

Case 5:16-cv-00353- Document 1-2  Filed in TXSD on 12/09/16  Page 15 of 30
Filed
11/10/2016 5:30:37 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVT002899D4

NO. _____

| | | |
|---|---|---|
| ROBERTO M. ESPINOZA | § | IN THE DISTRICT COURT |
| CAMACHO | § | |
|   Plaintiff | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| NKC TRANSPORTATION, LLC | § | |
| AND ISMAEL OSTOLAZA RIOS, JR. | § | |
|   Defendants | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

### PURPOSE OF THE APPLICATION:

1.      Plaintiff has filed a Petition against NKC Transportation, LLC and Ismael Ostolaza Rios, Jr.   A copy of the aforementioned Petition is attached as Appendix 1 and incorporated by reference, including all representations contained therein.   The basis of the petition is suit involving a motor vehicle accident.   On or about October 31, 2016, Plaintiff Roberto M. Espinoza Camacho was driving a 2002 Mazda Protégé when the 2014 Freightliner Tractor Trailer pulling 2015 White Utility Trailer owned by NKC Transportation, LLC and operated by Defendant Ismael Ostolaza Rios, Jr. failed to control speed and collided with Plaintiff Roberto M. Espinoza Camacho.   The collision occurred at the 1400 block of Highway IH 35, in Laredo, Webb, Texas.   As a direct and proximate result of the collision, Plaintiff suffered injuries.

2.      NKC Transportation, LLC and Ismael Ostolaza Rios, Jr., the named Defendants in the above-referenced proceeding have not yet made appearance in the matter.   Given the imminent threat of potential destruction of potential evidence useful to the resolution of this claim, there is not enough time to serve notice on Defendants and to hold a hearing on this application.

## SUBJECT MATTER OF REQUESTED RELIEF

3.      The subject matter in question is the potential destruction of potential evidence useful to the resolution of this claim by NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. Plaintiff has a probable right to recovery based upon the allegations in the above referenced lawsuit (See, attached Appendix 1). The requested relief is warranted because Plaintiff has not been provided with confirmation from Defendants that potential evidence useful to the resolution of this claim will not be intentionally or unintentionally destroyed.

## REPRESENTATIONS

4.      The Plaintiff has reason to believe that Defendants may intentionally or unintentionally destroy potential evidence useful to the resolution of this claim.

5.      Absent the requested relief, Plaintiff has reason to believe that the above described harm to them is imminent and irreparable. It is likely, absent the requested relief, that Defendants potentially will intentionally or unintentionally destroy potential evidence useful to the resolution of this claim.

6.      Given the Texas Supreme Court's pronouncements with regard to spoliation in *Brookshire Bros., Ltd. V. Aldridge*, S.W.3d (2014), No. 10-0846, 2014 WL 2994435 (Tex. July 3, 2014), Plaintiff's ability to protect themselves and the judicial process from pre-suit spoliation of evidence is dramatically limited. The clearest way to preserve potentially relevant evidence in the wake of this decision is to obtain a Court order requiring the parties to preserve and not destroy evidence.

7.      Plaintiff seeks protective relief for no other purpose than to protect their civil liberties, privacy, and legal rights.

8.      The immediate and likely irreparable nature of the threatened harm to the Plaintiff is such that it is impractical to provide the Defendant with notice of the hearing prior to the presentation of the Application for Protective Relief.

9.      Plaintiff has no adequate remedy at law to prevent the potential present, ongoing, and future intentional or unintentional destruction of potential evidence useful to the resolution of this claim.

*Plaintiff's Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction - Page 2*

10.    Plaintiff is willing to post bond; however, no bond should be required to prevent
Defendant from engaging in the above-referenced wrongful activities.

11.    Plaintiff has joined all indispensable parties of whom they presently aware.

### PRAYER FOR RELIEF

IN VIEW OF THE FOREGOING CONSIDERATIONS, Plaintiff, prays that the
Court:

- A. Issue a Temporary Restraining Order without notice to the Defendants,
  restraining and enjoining NKC Transportation, LLC and Ismael Ostolaza Rios,
  Jr., their agents, employees, and all others acting on their behalf and through
  them, from intentionally or unintentionally destroying potential evidence
  useful to the resolution of this claim.

- B. Issue a Temporary Restraining Order without notice to the Defendants,
  restraining and enjoining NKC Transportation, LLC and Ismael Ostolaza Rios,
  Jr., their agents, employees, and all others acting on their behalf and through
  them, from modifying, altering, or destroying any and all data and things
  potentially relevant to the claims set forth in the attached Petition (Appendix
  1). In this regard, to aid the Court and the Defendant with regard to what
  types and categories of documents and things and data Plaintiff considers
  potentially relevant, Plaintiff provide the following non-exclusive listing:

  1. All evidence pertaining to any claim or defense related to the incident
     that makes the basis of this lawsuit or damages resulting therefrom;
     including the 2014 Freightliner Tractor Trailer, including but not limited
     to its Electronic Control Module (ECM), global positioning satellites
     (GPS), and any other technological devices contained in the tractor
     trailer, the 2015 White Utility Trailer being pulled by the tractor trailer
     at the time of the incident, any all electronic devices owned by Ismael
     Ostolaza Rios, Jr. that were in the tractor trailer at the time of the
     incident in question, video surveillance, statements, photographs,
     videotapes, audiotapes, recordings, surveillance or security tapes or
     information, business or medical records, incident reports, periodic
     reports, financial statements, bills, telephone call slips or records,
     estimates, invoices, checks, measurements, correspondence, facsimiles,
     email, voicemail, text messages, any evidence involving the incident in

question, and any electronic image or information related to the referenced incident or damages.

C. Issue an Order directing the Defendant to appear on a date and time certain to show cause, if any cause they have, why the Temporary Restraining Order should not be continued in effect as a Temporary Injunction pending trial of the merits herein.

D. After trial on the merits, the Court should issue a Permanent Injunction, restraining and enjoining the Defendants as requested above, until final resolution of all matters raised in this lawsuit are resolved.

Respectfully submitted,

The Law Office of Roderick C. Lopez, P.C.
1004 E. Hillside Road, Suite B
Laredo, Texas 78041
Tel. (956) 568-5028
Fax. (956) 728-0883
Email:    ricklopezlaw@gmail.com
          ricklopezlaw.ac@gmail.com

By: ___//s// Roderick C. Lopez_____
        Roderick C. Lopez
        Texas Bar No. 24034544

*Attorney for Plaintiff*
*Roberto M. Espinoza Camacho*

## VERIFICATION

STATE OF TEXAS

COUNTY OF WEBB

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Roderick C. Lopez, to me well known to be a credible person of lawful age and qualified in all respects to make this Affidavit, who being by me first duly sworn upon his oath says that he is authorized by Tex. R. Civ. P. 14 to make this Affidavit as an agent and attorney of the Plaintiffs; that he has read the foregoing Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, that he has personal knowledge of the statements and allegations contained in paragraphs 4-11 therein and that they factually serve as a complete basis for the requested relief and that they are true and correct.

WITNESS MY HAND this 10th day of November, 2016.

_____
Roderick C. Lopez

SUBSCRIBED AND SWORN before me by the said Roderick C. Lopez, this 10th day of November, 2016, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
My Commission Expires: 6 6 17

ADRIANA R. CANTU
Notary Public, State of Texas
My Commission Expires
June 06, 2017

*Plaintiff's Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction - Page 5*

NO. 2016 CVT002899D4

ROBERTO M. ESPINOZA          §        IN THE DISTRICT COURT
CAMACHO                      §
            Plaintiff        §
                             §
VS.                          §        406th JUDICIAL DISTRICT
                             §
NKC TRANSPORTATION, LLC       §
AND ISMAEL OSTOLAZA RIOS, JR. §
            Defendants        §        WEBB COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER
## AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

1.  After considering Plaintiff's application for temporary restraining order, the
    pleadings, the affidavits, and arguments of counsel, the Court finds that
    Plaintiff has demonstrated a probable right of recovery in their underlying
    action and that there is evidence that real and substantive harm to Plaintiff's
    cause of action in these regarding is imminent if the Court does not issue a
    temporary restraining order.

2.  An ex parte order, without notice to Defendants NKC Transportation, LLC
    and Ismael Ostolaza Rios, Jr. is necessary because there was not enough time
    to give notice to Defendants, hold a hearing, and issue a restraining order
    before irreparable injury, loss, or damage would occur.

3.  Therefore, by THIS ORDER, the Court does the following:

    A.  Issue a Temporary Restraining Order without notice to the Defendants,
        restraining and enjoining NKC Transportation, LLC and Ismael Ostolaza
        Rios, Jr., their agents, employees, and all others acting on their behalf and
        through them, from intentionally or unintentionally destroying potential -
        evidence useful to the resolution of this claim.

    B.  Issue a Temporary Restraining Order without notice to the Defendants,

*Temporary Restraining Order and Order Setting Hearing for Temporary Injunction - Page 1*

11/28/2016 11:33AM 9567280883                    RCLPC                                   PAGE 18/19

Case 5:16-cv-00958 Document 1-23 Filed 09/12/16 on 12/05/16 Page 21 of 30
1-15-16;17:16 ;From:            )                To:97280883            ;'  5235074        # 3/ 4

restraining and enjoining NKC Transportation, LLC and Ismael Ostolaza
Rios, Jr., their agents, employees, and all others acting on their behalf and
through them, from modifying, altering, or destroying any and all data and
things potentially relevant to the claims set forth in the attached Petition
(Appendix 1). In this regard, to aid the Court and the Defendant with regard
to what types and categories of documents and things and data Plaintiff
considers potentially relevant, Plaintiff provide the following non-exclusive
listing:

1.   All evidence pertaining to any claim or defense related to the
incident that makes the basis of this lawsuit or damages resulting
therefrom; including the 2014 Freightliner Tractor Trailer, including but
not limited to its Electronic Control Module (ECM), global positioning
satellites (GPS), and any other technological devices contained in the
tractor trailer, the 2015 White Utility Trailer being pulled by the tractor
trailer at the time of the incident, any all electronic devices owned by
Ismael Ostolaza Rios, Jr. that were in the tractor trailer at the time of the
incident in question, video surveillance, statements, photographs,
videotapes, audiotapes, recordings, surveillance or security tapes or
information, business or medical records, incident reports, periodic
reports, financial statements, bills, telephone call slips or records,
estimates, invoices, checks, measurements, correspondence, facsimiles,
email, voicemail, text messages, any evidence involving the incident in
question, and any electronic image or information related to the
referenced incident or damages.

2.   Issue an Order directing the Defendant to appear on a date and
time certain to show cause, if any cause they have, why the Temporary
Restraining Order should not be continued in effect as a Temporary
Injunction pending trial of the merits herein.

3.   After trial on the merits, the Court should issue a Permanent
Injunction, restraining and enjoining the Defendants as requested above,
until final resolution of all matters raised in this lawsuit are resolved.

4.   Orders the clerk to issue notice to Defendants NKC Transportation, LLC and
Ismael Ostolaza Rios, Jr. that a hearing on Plaintiff's application for
temporary injunction is set for ___11/28___, 2016, at

*Temporary Restraining Order and Order Setting Hearing for Temporary Injunction - Page 2*

$f:30$     (a.m./p.m. The purpose of the hearing will be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

5.    Sets bond at $ 1,000

This order expires on _Nauen l 28_, 20 16.

SIGNED ON 11/15 , 20/6 at 2:21 a.m./p.m.)

PRESIDING JUDGE

*Temporary Restraining Order and Order Setting Hearing for Temporary Injunction - Page 3*

2016CVT002899 D4

**CITATION**

# RETURN

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:** NKC TRANSPORTATION LLC
BY SERVING ITS REGITERED AGENT
BRETT MARSHALL
23415 HWY EE
DEARBORN,   MO 64439

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT** of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVT002899 D4 , styled:
    ROBERTO M ESPINOZA CAMACHO, PLAINTIFF
    VS.
    NKC TRANSPORTATION LLC AND
    ISMAEL OSTOLAZA RIOS, JR. , DEFENDANT
Said Plaintiff's Petition was filed on 11/10/2016 in said court by:
    RODERICK C LOPEZ, ATTORNEY FOR PLAINTIFF
    PO BOX 451334
    LAREDO,   TX 78045

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and
given under my hand and seal of said court at office, this 6 day of December,
2016.

C  L  E  R  K    O  F    C  O  U  R  T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
        Veronica  Valenzuela

2016CVT002899 D4

## OFFICER'S RETURN

Came to hand on the _7_ day of _December_ , 2016 at _5ot_ O'CLOCK _P_ .M. Executed at _3811 Gardna KUMO_ , within the COUNTY of _Faukson_ at _10²⁰_ O'CLOCK _A_ .M. on the _8_ day of _December_ , 2016, by delivering to the within named **NKC TRANSPORTATION LLC BY SERVING BRETT MARSHALL**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation $ _____ .

To certify which, witness my hand officially.

_Roler Stove_
SHERIFF, CONSTABLE

_Jackson_ COUNTY, ~~TEXAS~~ _Missouri_

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB }**

Before me, the undersigned authority, on this day personally appeared _Robert Stove_ , who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _Bret Marshall_ on the _8_ day of _December_ , _2016_ .

SWORN TO AND SUBSCRIBED BEFORE ME on the _9_ day of _December_ , _2016_ , to certify which witness my hand and seal of office.

ELLA MAE STOVER
My Commission Expires
April 22, 2017
Clay County
Commission #13445139

_Ella Mae Stove_
NOTARY PUBLIC
MY COMMISSION EXPIRES April 22, 2017

2016CVT002899 D4

**PRECEPT**

ROBERTO M ESPINOZA CAMACHO
VS
NKC TRANSPORTATION LLC

# RETURN

## THE STATE OF TEXAS
## COUNTY OF WEBB

TO ANY SHERIFF/CONSTABLE OR AUTHORIZED PERSON WITHIN THE STATE OF TEXAS,
GREETINGS-

YOU ARE HEREBY COMMANDED THAT YOU SERVE:
NKC TRANSPORTATION LLC
BY SERVING ITS REGISTERED AGENT
BRETT MARSHALL
23415 HWY EE
DEARBORN,   MO 64439
who resides in the County of <u>PLATTE</u> and
The State of Texas,

with the accompanied Certified Copy of <u>ORDER EXTENDING TEMPORARY RESTRIANING
ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION AND CERTIFICATE OF
CASH IN LIEU OF BOND</u> set for <u>12TH</u> day of <u>DECEMBER</u>, 2016 at <u>3:00P.M</u>. in the
406TH DISTRICT COURT located at 1110 Victoria St., <u>4TH</u> Floor, Laredo, Texas.

Herein fail not, but of this writ make due return as the law directs. Issued
and given under my hand and seal of said court at office, this 6 day of
December, 2016.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
1110 VICTORIA ST., STE 203
LAREDO, TX 78040

BY: _____ DEPUTY
Veronica /Valenzuela

2016CVT002899 D4

**OFFICER'S RETURN**

Came to hand on the __7__ day of __December__ ___, 2016 at

__5 o'__ o'clock __P__ .M. Executed at __3811 GArdNer KUMD__ .

within the COUNTY of __JAckon__ at __10 20__ o'clock __A__ .M. on

the __8__ day of __December__ ___, 2016, by delivering to the

within named **NKC TRANSPORTATION LLC BY SERVING BRETT MARSHALL**, each, in
person, a true copy of this notice

together with the accompanying copy of _____

_____ .

Total Fee for serving this notice    $ _____ .

To certify which, witness my hand officially.

_Robert Stone_
SHERIFF/CONSTABLE/PRIVATE PROCESS SERVER
__JAckon__ _Missouri_ COUNTY, ~~Texas~~

BY _____
                                        DEPUTY

Filed
12/9/2016 9:30:31 AM
Esther Degollado
District Clerk
Webb District
Veronica Valenzuela
2016CVT002899D4

CAUSE NO. 2016CVT002899D4

| | | |
|---|---|---|
| ROBERTO M. ESPINOZA CAMACHO | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | WEBB COUNTY, TEXAS |
| | § | |
| NKC TRANSPORTATION, LLC AND | § | |
| ISMAEL OSTOLAZA RIOS, JR. | § | |
| *Defendants.* | § | 406TH JUDICIAL DISTRICT |

**DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE COURT:

COME NOW NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. and file their Original Answer to Plaintiff's Original Petition, and as ground for such would respectfully show unto the Court as follows:

**I.**
**GENERAL DENIAL**

1.    The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. invoke the provisions of that rule and do generally deny the allegations now made against them by the Plaintiff and his attorney.

2.    At any trial of this cause, Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. will exercise their legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

**II.**
**DEFENSES**

3.    Defendants would show onto the Court that Plaintiff's damages, if any, were

*Defendants' Original Answer*

proximately caused by preexisting medical, physical and/or mental conditions.

4.     Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.   TEX. CIV. PRAC. & REM. CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

5.     Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

6.     Pleading further, Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. state that Plaintiff is not entitled to recover punitive damages or exemplary damages in any form or fashion in her alleged cause of action in that it would violate Defendants' rights under the Constitution of the United States and the Constitution of the State of Texas.  In the alternative, and without waiving the foregoing, Defendants are entitled to the protections afforded to them under Texas Civil Practice & Remedies Code § 41.003, *et seq.*

**III.**
**JURY DEMAND**

7.     Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. demand a trial by jury and tender their jury fee.

## IV.
## REQUEST FOR DISCLOSURE

7.      Pursuant to Tex. R. Civ. P. 194, Plaintiff is hereby requested to disclose within 30 days after service of this Original Answer, the information or material listed in Rule 194.2, with such information or material to be produced at Castagna Scott LLP, 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants NKC Transportation, LLC and Ismael Ostolaza Rios, Jr. prays that upon final hearing hereof that Plaintiff take nothing by way of his causes of action against Defendants, that costs of court be assessed against Plaintiff, and for such other and further relief to which Defendants may show themselves justly entitled, either at law or in equity

Respectfully submitted,

**CASTAGNA SCOTT LLP**

1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:   */s/ Lynn S. Castagna*
       Lynn S. Castagna
       State Bar No. 03980520
       Lynn@texasdefense.com
       James D. Snyder
       State Bar No. 24088447
       Jimmy@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by electronic service, certified mail, return receipt requested, or facsimile to:

**_VIA FACSIMILE: 956/728-0883_**
Roderick C. Lopez
THE LAW OFFICE OF RODERICK C. LOPEZ, P.C.
1004 E. Hillside Road, Suite B
Laredo, Texas 78041

and in accordance with the Texas Rules of Civil Procedure, on the 9th day of December, 2016.


  _/s/ Lynn S. Castagna_____
Lynn S. Castagna